The Honorable Jimmie Don McKissack State Representative 3418 Highway 65 South Pine Bluff, Arkansas 71601
Dear Representative McKissack:
This is in response to your request for an opinion on the distribution of funds from the "Educational Excellence Trust Fund," for teachers' salaries. See A.C.A. § 6-5-301 through -306 (Repl. 1993).[1]
Specifically, you note that the Educational Excellence Trust Fund is to be utilized by school districts to provide salary increases for current certified personnel and "for no other purposes" except matching social security. The funds are to be divided equally among all certified personnel (unless there is a vote to the contrary). A.C.A. § 6-5-303(a). You also note that in A.C.A. § 6-5-304, the legislature has expressed an intent that the Trust Fund supplement, not supplant, funding for public education. You set out the following scenario involving Trust Fund moneys, and pose one question relating to it, as follows:
 Suppose a school district began the school year with a projected increase in net current revenue. Based on that projection, the district estimated its 56% obligation under Ark. Code Ann. 6-20-319(4)(A) to be $500 per certified employee. Also at the beginning of this school year, the district had an Educational Excellence Trust Fund obligation of an additional $125 per certified employee. Based on this information, the district contracted with teachers for a salary increase of $625. This raise was implemented and the district's salary schedule was increased across the board by this amount.
 In the middle of the year, the district became aware that the projected increase in net current revenue was less than expected. The decrease in net current revenue was not, however, a result of a statewide reduction in Minimum Foundation Program Aid that is sent to all school districts. As a result of this new information, the school district's 56% obligation was recalculated to be $400 per certified employee. Toward the end of the year, the State of Arkansas released additional Educational Excellence Trust Funds. The district in question received sufficient Trust Funds so that the equal distribution of those trust funds amounted to an additional $125 per certified employee.
 The question presented is whether the district is obligated under the laws of this state to raise salaries by an additional $125 per certified employee (the additional Trust Fund money) or is it permissible for the district to credit $100 of the $125 in trust fund money against the difference between its projected 56% obligation and its actual 56% obligation ($500-$400 = $100) and, therefore, only pay an additional $25 per certified employee from the additional Educational Excellence Trust Funds?
It is my opinion that to the extent the district had already entered into binding contracts with the teachers for a $625 raise, the district is bound to distribute the entire new trust fund moneys ($125 per certified employee), and may not deduct one hundred dollars from the trust fund moneys to compensate for the overcalculation of net current revenue. I will note, however, that the result may vary in different districts, depending upon the timing of the entering of contracts and the distribution of the funds in question. Assuming, however, that there is a binding contractual obligation on the part of the district to pay a $625 raise to teachers, in my opinion the future receipt of trust fund moneys must be distributed equally to teachers (unless there is a vote to the contrary) without any deductions for previous overcalculations or overpayments.
As you have noted, the Trust Fund moneys must be distributed for teacher salary increases, and for no other purposes. In the scenario and proposal you have outlined, the one hundred dollars of the new trust fund moneys would indeed be used for teacher salaries, but would not be used for a teacher salary increase, because the district has already contractually obligated itself to pay that $100. If the teachers are already entitled to this amount as a matter of contract, applying new trust fund moneys to cover this amount does not constitute a salary increase, as the statute requires.
It is therefore my opinion, under the particular facts you have outlined, that the district would be required to raise salaries by an additional $125, assuming there is no vote for an unequal distribution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that this law is repealed effective July 1, 1996. See Act 1194 of 1995.